FILED

**NOT FOR PUBLICATION**

MAR 18 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10182 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00134-JAM-8 |
| v. | |
| JOSE MARIO MEDRANO, AKA Molito, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted March 12, 2015
San Francisco, California

Before: BERZON, BYBEE, and OWENS, Circuit Judges.

Jose Mario Medrano appeals the 262-month sentence imposed following his

conviction pursuant to a guilty plea for conspiracy to distribute over 500 grams of

methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846, and using a

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

communication facility to facilitate a drug trafficking offense in violation of 21 U.S.C. § 843(b). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The district court did not clearly err in finding that Medrano possessed a firearm during the commission of the offense, for purposes of increasing his offense level under U.S. Sentencing Guideline Manual § 2D1.1(b)(1). *See United States v. Ortiz*, 362 F.3d 1274, 1278 (9th Cir. 2004). Evidence that Medrano was in charge of the transportation of these drugs supported a finding that Medrano knew of the loaded firearm located in the same hidden compartment as some of the methamphetamine he admitted to transporting.

The district court did not err in imposing a within-Guidelines sentence. Although the district court would have been permitted to depart downward from the Guidelines range if it agreed with Medrano's contention that the methamphetamine trafficking Guidelines are overly punitive, no authority required it to depart downward. *See United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011) ("[D]istrict courts are not obligated to vary from the . . . Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them."). And, as the defendant did not make this "overly punitive" argument at sentencing, the district court had no obligation expressly to consider the policy considerations underlying the Guidelines. *See id.* (stating a district court may not ignore its

14-10182

discretion to vary from the Guidelines where it is presented with an argument that it should exercise that discretion).  In light of Medrano's history and characteristics and the particular facts of the offense, the sentence was substantively reasonable.

**AFFIRMED**.